UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-1568-SLD |
| | ) | |
| CHICAGO TITLE LAND TRUST | ) | |
| COMPANY, f/k/a City National Bank and | ) | |
| Trust Company, Under Trust Agreement | ) | |
| Dated June 7, 1983, and Known as Trust No. | ) | |
| 2256; ILLINOIS HOUSING | ) | |
| DEVELOPMENT AUTHORITY; | ) | |
| UNKNOWN OWNERS AND NON- | ) | |
| RECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER

In this case, Plaintiff United States of America ("Government") seeks foreclosure of a mortgage on real property owned by Defendant Chicago Title Land Trust Company ("Chicago Title"). The Government has moved for possession of the properties prior to entry of a judgment of foreclosure. For reasons set forth below, the Government's Amended Motion for Possession, ECF No. 6, is DENIED without prejudice.

BACKGROUND

The U.S. Department of Agriculture ("USDA") loaned a total of $456,290 to three borrowers under three agreements in 1975, 1984, and 1992. Compl. ¶ 3, ECF No. 1. As consideration for the loans, the borrowers mortgaged three nonresidential properties in Chillicothe, Illinois (collectively "the Property") to the USDA. Chicago Title is the present owner of the Property. *Id.* ¶ 3(L). The Government claims Chicago Title defaulted on the

1

mortgages when a payment of $29,798.05 became due on November 29, 2012, and when Chicago Title failed to maintain improvements and make repairs to the Property. *Id.* ¶ 3(J). As of October 30, 2013, the total amount allegedly due under the mortgage agreements was $418,725.51 plus accrued interest. *Id.* The agreements provide that in the event of default, the United States is authorized to possess the Property. Compl., Ex. 1 at 3, 10, 17.

On December 2, 2013, the Government filed the instant suit seeking foreclosure on the mortgages, alleging subject matter jurisdiction under 28 U.S.C. § 1345. The Government simultaneously moved to take possession of the Property prior to a judgment of foreclosure pursuant 735 ILCS 5/15-1706. Pl.'s Mot. Poss. 1–2, ECF No. 5. In a Text Order dated December 19, 2013, the Court denied the motion without prejudice on the grounds that it was not "supported by affidavit or other sworn pleading" as required by 735 ILCS 5/15-1706(a). On December 23, 2013, the Government filed an Amended Motion for Possession, purporting to satisfy section 15-1706(a) by including the sworn declaration of USDA Housing Program Director for Rural Development Barry L. Ramsey. Pl.'s Am. Mot. Poss., ECF No. 1; Ramsey Decl., ECF No. 6-1.

The Government unsuccessfully attempted to serve process upon Chicago Title at 171 N. Clark Street, Chicago, Illinois on January 9, 2014. *See* Pl.'s Summons Issued, ECF No. 7. The Government had mailed notice of its Motion for Possession to Chicago Title at the same address on December 23, 2013. Pl.'s Am. Mot. Poss. 3. On April 21, 2014, a receptionist of Robert Kuzma, Trust Counsel to Chicago Title, was served with summons and the Complaint at a different address: 10 S. LaSalle Street, Chicago, Illinois. *See* Pl.'s Executed Summons, ECF No. 11. The notice of Summons Issued to Kuzma makes no mention of service of any document other than the Complaint along with the summons. *See* Pl.'s Alias Summons Issued, ECF No.

10.   As of May 5, 2014, Chicago Title had yet to file an Answer or otherwise make any appearance in this case.

## DISCUSSION

### I.   Legal Standard

Illinois Mortgage Foreclosure Law creates a presumption that the mortgagee of nonresidential real property is entitled to possession during the pendency of a foreclosure proceeding. *Travelers Ins. Co. v. La Salle Nat'l Bank*, 558 N.E.2d 579, 581 (Ill. App. Ct. 1990) (citing 735 ILCS 5/15-1701(b)(2)). Section 15-1701(b)(2) provides that, prior to the entry of a foreclosure judgment, a mortgagee may, upon request of the court, possess nonresidential real estate when (1) "the mortgagee is so authorized by the terms of the mortgage or other written instrument;" and (2) "the court is satisfied that there is a reasonable probability that the mortgagee will prevail on a final hearing of the cause." 735 ILCS 5/15-1701(b)(2). A proven mortgage default establishes a reasonable probability of success. *First State Bank of Illinois v. Mass Consumption, LLC*, No. 2-13-0202, 2013 WL 2641612, at ¶ 19 (Ill. App. Ct. June 10, 2013); *Bank of America, N.A. v. 108 N. State Retail LLC*, 928 N.E.2d 42, 51 (Ill. App. Ct. 2010). Once the mortgagee's two requirements are satisfied, "the burden then shifts to the mortgagor to object and to show good cause as to why the mortgagor should be entitled to remain in possession." *First State Bank of Illinois*, 2013 WL 2641612, at ¶ 20 (citing 735 ILCS 5/15-1701(b)(2)).

A mortgagee's request to be placed in possession "shall be supported by affidavit or other sworn pleading." 735 ILCS 5/15-1706(a). "After reasonable notice has been given to all other parties, the court shall promptly hold a hearing and promptly rule on [the] request;" no hearing is necessary if the mortgagor does not object to the mortgagee's request for possession. 735 ILCS

3

5/15-1706(c).  The Court "may" rule on a motion for possession without service on the mortgagor upon a showing of default or good cause.  *Id.* § 15-1706(d).

Under the Federal Rules of Civil Procedure, process may be served upon a corporation, partnership, or association within a district in the United States by serving "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or as provided by Rule 4(e)(1) for service of an individual.  Fed. R. Civ. P. 4(h)(1).  Rule 4(e)(1) provides for service following the law of the state where the district court is located or where service is made.  Fed. R. Civ. P. 4(e)(1).  Illinois law provides that a business entity may be served by serving a registered agent or any officer or agent of a corporation, or any partner personally or agent of a partnership, as well as by publication and mail in the manner permitted for service of individuals.  735 ILCS 5/2-204–2-205.  Whether a receptionist is an agent who may receive service of summons under Illinois law is a factual question.  *Bober v. Kovitz, Shifrin, Nesbit*, No. 03 C 9393, 2005 WL 2271861, at *4 (N.D. Ill. Sept. 4, 2005) (citing *Citicorp Sav. Of Ill. V. Rucker*, 692 N.E.2d 1319, 1325 (Ill. App. Ct. 1998)).  As Illinois courts have explained:

> [E]mployment and agency are not identical.  Service on a secretary or receptionist who understood the purport of the service of summons may be service on the corporation.  However, service on a receptionist who does not understand her duty to deliver the summons to her employer may be insufficient.

*Island Terrace Apartments v. Keystone Serv. Co.*, 341 N.E.2d 41, 44 (Ill. App. Ct. 1975) (citing, among other cases, *Union Asbestos & Rubber Co. v. Evans Prods. Co.*, 328 F.2d 949, 952–53 (7th Cir. 1964) and *Gurtz Elec. Co. v. Kamenir*, 294 N.E.2d 20 (Ill. App. Ct. 1973) (per curiam)).

## II.  Analysis

The Government moves for possession of the property on the following grounds:

1. In compliance with 735 ILCS 5/15-1701(b)(2), the mortgagee is authorized by the terms of the mortgage or other written instrument to be placed into possession based on the circumstances of this case.  2. There is more than a reasonable probability that the mortgagee, United States of America, will prevail on a final hearing of this cause and there is no good cause to allow the mortgagor to remain in possession.

Pl.'s Am. Mot. Poss. 1–2.  The Government does not further elaborate, directing the Court to "[s]ee Attached Declaration" of Mr. Ramsey.  *Id.* at 2.  Mr. Ramsey's declaration simply mirrors the Government's conclusory motion word for word.  Ramsey Decl. 1–2.  Neither the Government's Motion nor Mr. Ramsey discuss the requirements of the "mortgage or other written instrument" at issue here.  The Motion and Declaration do not even use the word "default," let alone argue how Chicago Title has defaulted on its mortgage obligations, nor do they point to a single fact or legal authority supporting the probability that the Government will prevail on the merits.

The Government's sole evidence of mortgage default is a November 29, 2012 letter from the USDA to Chicago Title stating that the payment of the debt would be accelerated due to Chicago Trust's alleged breach of its mortgage obligations.  Compl., Ex. 1 at 63.  The letter provides, however, that Chicago Title could contact the USDA "to discuss steps to take to remedy the deficiencies in the account or pay the loan in full" and thereby stave off foreclosure. *Id.* at 64. Further, the letter said both an informal meeting and administrative hearing were available to Chicago Title to show why the loan acceleration may be error.  *Id.*  No evidence shows how Chicago Title responded to the letter's assertions and options for relief.  *See Bank of America, N.A.*, 928 N.E.2d at 52 (holding that, among other circumstances, mortgagors' signed letter agreements acknowledging mortgagee's claim of loan imbalance established mortgage default). Moreover, Mr. Ramsey's Declaration—which provides the only sworn statements supporting the Government's motion—does not certify the truthfulness of the USDA letter or

Complaint, nor does it independently attest to the facts regarding default alleged in those documents. *See*, *e.g., First State Bank of Illinois*, 2013 WL 2641612, at ¶¶ 6, 8 (noting that a verified petition described the circumstances establishing a default, and a supporting affidavit certified that statements in the petition were true).

Moreover, it is far from clear that Chicago Title has notice of this suit, let alone the Motion for Possession. Whether Chicago Title qualifies as a corporation or partnership, serving summons and the Complaint on its counsel's receptionist—who could likely only be served under the Federal Rules' allowance for service pursuant to state law, *see* Fed. R. Civ. P. 4(e)(1), 4(h)(1)—may not be sufficient to provide notice of this action. *See, e.g.*, *Island Terrace Apartments*, 341 N.E.2d at 44. Even if it is, notice of the Motion for Possession was mailed to 171 N. Clark Street; Chicago Title was allegedly finally served with process at 10 S. LaSalle Street. The Federal Rules do not call for pending motions to be served along with summons and complaint, *see* Fed. R. Civ. P. 4(c)(1), and the notice of Summons Issued to Kuzma mentions service of only the Complaint. Thus, until Chicago Title makes an appearance in this case through an agent registered for electronic filing, or the Government indicates that it served Chicago Title with the Motion, the Court has no reason to find that Chicago Title has notice of the Motion for Possession.

Lack of notice deprives Chicago Title of its statutory prerogative to object and show good cause for remaining in possession. *See* 735 ILCS 5/15-1701(b)(2). While the Court has discretionary authority to rule on this motion in the absence of service on Defendant, *see* 735 ILCS 5/15-1706(d), the Government does not cite any cases where courts have actually placed mortgagors in possession under section 15-1701(b)(2) without notice to, and some opportunity for response from, the mortgagee. Indeed, Illinois case law tends to the contrary. *See, e.g.,*

*Olympic Fed. v. Whitney Devel. Co., Inc.*, 447 N.E.2d 1371, 1375–77 (Ill. App. Ct. 1983) (reversing grant of possession to plaintiff on grounds that trial court had denied defendants an opportunity to respond to merits of motion for possession); *Fed. Land Bank of St. Louis v. Bergmann*, 546 N.E.2d 1171, 1173 (Ill. App. Ct. 1989) (distinguishing *Olympic Federal* on grounds that the Bergmanns "were given the opportunity to orally respond to the merits of the petition").[1]

Under these circumstances—a conclusory argument for possession supported by scant, unverified evidence of default—adversarial examination would help the Court determine whether there is a reasonable probability the Government will ultimately prevail in this action. *See* 735 ILCS 5/15-1701(b)(2). Accordingly, the Government's motion for possession is DENIED without prejudice.

## CONCLUSION

Plaintiff United States of America's Amended Motion for Possession, ECF No. 6, is DENIED without prejudice.

Entered this 9th day of May, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE

---

[1] *Olympic Federal* interpreted the predecessor statute to 735 ILCS 5/15-1701 *et seq*. *See Olympic Federal*, 447 N.E.2d at 1374 (citing Ill. Rev. Stat. 1985, ch. 110, ¶ 15-301 *et seq*.). However, the former and current provisions are the same in all aspects material to this determination. *See id*. at 1374 (noting that former statute required affidavit-supported application by mortgagee showing reasonable probability of final success, and court must promptly conduct a hearing if mortgagee's right to take possession is denied).