UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-1568-SLD |
| | ) | |
| CHICAGO TITLE LAND TRUST COMPANY, f/k/a City National Bank and Trust Company, Under Trust Agreement Dated June 7, 1983, and Known as Trust No. 2256; ILLINOIS HOUSING DEVELOPMENT AUTHORITY; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS, | ))))))))) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER

In this case, Plaintiff United States of America ("Government") seeks foreclosure of a mortgage on real property owned by Defendant Chicago Title Land Trust Company ("Chicago Title"). The Government has moved for possession of the properties prior to entry of a judgment of foreclosure. For reasons set forth below, the Government's Second Amended Motion for Possession, ECF No. 20, is GRANTED.

BACKGROUND

The U.S. Department of Agriculture ("USDA") loaned a total of $456,290 to three borrowers under three agreements in 1975, 1984, and 1992. Compl. ¶ 3, ECF No. 1. As consideration for the loans, the borrowers mortgaged three nonresidential properties, located at 1305, 1313, and 1405 N. Bayberry Court, Chillicothe, Illinois (collectively "the Property"), to the USDA. Chicago Title is the present owner of the Property. *Id.* ¶ 3(L). The Government

1

claims Chicago Title defaulted on the mortgages when Chicago Title failed to maintain improvements and make repairs to the Property. *Id.* ¶ 3(J); Ramsey 2d Decl. ¶ 2, ECF No. 20-2. The mortgage agreements provide that in the event of default, the United States is authorized to possess the Property. Compl., Ex. 1 at 3, 10, 17.

On December 2, 2013, the Government filed the instant suit seeking foreclosure on the mortgages, alleging subject matter jurisdiction under 28 U.S.C. § 1345. The Government simultaneously moved to take possession of the Property prior to a judgment of foreclosure pursuant 735 ILCS 5/15-1706. Pl.'s Mot. Poss. 1–2, ECF No. 5. In a Text Order dated December 19, 2013, the Court denied the motion without prejudice on the grounds that it was not "supported by affidavit or other sworn pleading" as required by 735 ILCS 5/15-1706(a). On December 23, 2013, the Government filed an Amended Motion for Possession, purporting to satisfy section 15-1706(a) by including the sworn declaration of USDA Housing Program Director for Rural Development Barry L. Ramsey. Pl.'s Am. Mot. Poss., ECF No. 1; Ramsey Decl., ECF No. 6-1.

The Government had unsuccessfully attempted to serve process upon Chicago Title at 171 N. Clark Street, Chicago, Illinois on January 9, 2014. *See* Pl.'s Summons Issued, ECF No. 7. The Government had mailed notice of its Motion for Possession to Chicago Title at the same address on December 23, 2013. Pl.'s Am. Mot. Poss. 3. On April 21, 2014, a receptionist of Robert Kuzma, Trust Counsel to Chicago Title, was served with summons and the Complaint at a different address: 10 S. LaSalle Street, Chicago, Illinois. *See* Pl.'s Executed Summons, ECF No. 11.

On May 9, 2014, the Court denied the Amended Motion for Possession on the grounds that: (1) the Government had failed to sufficiently support its motion and (2) it was unclear

2

whether Chicago Title had notice of the suit or motion for possession. May 9, 2014 Order 4–6, ECF No. 16. On June 4, 2014, the Government filed a process receipt indicating that Kuzma was served with summons and the Complaint at the 10 S. LaSalle Street address. On June 20, 1014, the Government filed its Second Amended Motion for Possession, attaching another sworn declaration by Ramsey that specified that Chicago Title had defaulted on the mortgages through failure to maintain improvements and make repairs as required under the agreements' terms. Ramsey 2d Decl. ¶ 2. This Motion indicates that it was served on Chicago Title via mail to Kuzma at the 10 S. LaSalle Street address. Pl.'s 2d Am. Mot. Possess. 4, ECF No. 20.

Default was entered against all Defendants on July 22, 2014, on that grounds that they had failed to appear, answer, or otherwise plead. As of September 29, 2014, Chicago Title had not responded to the Second Amended Motion for Possession or made any other filing in this case.

## DISCUSSION

### I. Legal Standard

Illinois Mortgage Foreclosure Law creates a presumption that the mortgagee of nonresidential real property is entitled to possession during the pendency of a foreclosure proceeding. *Travelers Ins. Co. v. La Salle Nat'l Bank*, 558 N.E.2d 579, 581 (Ill. App. Ct. 1990) (citing 735 ILCS 5/15-1701(b)(2)). Section 15-1701(b)(2) provides that, prior to the entry of a foreclosure judgment, a mortgagee may, upon request of the court, possess nonresidential real estate when (1) "the mortgagee is so authorized by the terms of the mortgage or other written instrument;" and (2) "the court is satisfied that there is a reasonable probability that the mortgagee will prevail on a final hearing of the cause." 735 ILCS 5/15-1701(b)(2). A proven mortgage default establishes a reasonable probability of success. *First State Bank of Ill. v. Mass*

*Consumption, LLC*, No. 2-13-0202, 2013 WL 2641612, at ¶ 19 (Ill. App. Ct. June 10, 2013); *Bank of Am., N.A. v. 108 N. State Retail LLC*, 928 N.E.2d 42, 51 (Ill. App. Ct. 2010). Once the mortgagee's two requirements are satisfied, "the burden then shifts to the mortgagor to object and to show good cause as to why the mortgagor should be entitled to remain in possession." *First State Bank of Ill.*, 2013 WL 2641612, at ¶ 20 (citing 735 ILCS 5/15-1701(b)(2)).

A mortgagee's request to be placed in possession "shall be supported by affidavit or other sworn pleading." 735 ILCS 5/15-1706(a). "After reasonable notice has been given to all other parties, the court shall promptly hold a hearing and promptly rule on [the] request;" no hearing is necessary if the mortgagor does not object to the mortgagee's request for possession. 735 ILCS 5/15-1706(c). The Court "may" rule on a motion for possession without service on the mortgagor upon a showing of default or good cause. *Id.* § 15-1706(d).

**Analysis**

The Government has addressed the deficiencies the Court highlighted in denying its Amended Motion for Possession. *See* May 9, 2014 Order. Specifically, the Government and its affiant now do more than mimic the statutory language—they address the factual basis for the Government to take possession of the Property during the proceedings, and indicate why there is more than a reasonable probability that the Government will ultimately prevail in this case. *See* 735 ILCS 5/15-1701(b)(2). Specifically, the Government's documentary evidence and Ramsey's sworn declaration establish a default by Chicago Title. This both entitles Chicago Title to possession under the governing mortgage agreements, Compl., Ex. 1 at 3, 10, 17, and demonstrates more than a reasonable probability that the Government will succeed on the merits. *See, e.g., First State Bank of Ill.*, No. 2-13-0202, 2013 WL 2641612, at ¶ 19.

Because the Government has shown a default, the Court could rule on its motion for possession without notice to Defendants. *See* 735 ILCS 5/15-1706(d). However, the Government indicates that an agent of Chicago Title was served with notice of the motion for possession at the same address where the agent was successfully served with notice of the Government's suit. In the months since, Chicago Title has not responded to the motion and shown good cause for remaining in possession. *See First State Bank of Ill.*, 2013 WL 2641612, at ¶ 20. Its failure to respond is deemed a lack of opposition to the motion for possession, *see* Local Rule 7.1(B)(2) (providing that where a response to a motion is not timely filed, "the presiding judge will presume there is no opposition to the motion"), which also renders a hearing on this motion unnecessary, *see* 735 ILCS 5/15-1706(c). Because the Government has now fully satisfied the statutory standard, the Court grants it possession of the Property pending final determination of its claims.

## CONCLUSION

Plaintiff United States of America's Second Amended Motion for Possession, ECF No. 20, is GRANTED. Plaintiff is entitled to take possession of the properties located at 1305, 1313, and 1405 N. Bayberry Court, Chillicothe, Illinois, until final judgment in this case pursuant to 735 ILCS 5/15-1701(b)(2). Such possession must be exercised according to the rules and procedures established in Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1701–5/15-1706.

Entered this 16th day of October, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE